IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE G, LLC d/b/a GEORGE THE SALON,<br><br>                      Plaintiff,<br>    v.<br><br>GEORGE CHARLES SALON INC.,<br><br>                      Defendant. | Case No. 1:21-cv-02651<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, George G, LLC d/b/a George the Salon ("Plaintiff"), complains of Defendant, George Charles Salon Inc. ("Defendant"), as follows:

## NATURE OF CASE

1. This Complaint includes claims for trademark infringement under 15 U.S.C. § 1051 *et seq.*; for unfair competition and false designation of origin in violation of section 43 of the Lanham Act, 15 U.S.C. § 1125(a); and for Illinois State statutory and common law trademark infringement, unfair competition, and deceptive trade practices.

## PARTIES

2. Plaintiff is an Illinois limited liability company with its principal place of business at 945 North Rush Street, 3rd Floor, Chicago, Illinois 60611.

3. Defendant is an Illinois corporation with its principal place of business at 34 East Oak Street, 3rd Floor, Chicago, Illinois 60611.

4. Plaintiff and Defendant directly compete with each other in the salon and spa business. Several years after Plaintiff entered the market, Defendant opened its salon immediately

adjacent to (i.e., directly across the street from) Plaintiff's well-established and popular salon. The parties' salons are a mere 100 feet apart from one another.

## BACKGROUND

5. Mr. George Gonzalez is the owner and founder of Plaintiff's company. Plaintiff is an award winning, world renowned provider of salon and spa services that include cut, color, styling, extensions, skin care, and massage to its clients. Since its opening in February 2008, Plaintiff has spent an enormous amount of time, resources, and effort to establish its reputation for high-quality services and care. Plaintiff has developed significant goodwill, reputation, and name recognition in the salon and spa business, such that the "George the Salon" name is associated with Plaintiff and Plaintiff's services.

6. Indeed, for over 13 years, Plaintiff has continuously provided salon and spa services in this judicial district and throughout the United States under the "George the Salon" name. At all times, Plaintiff has prominently displayed and used the "George the Salon" name in connection with all aspects of its salon and spa business.

7. As a result of Plaintiff's long-standing sales, promotion, and marketing efforts, the consuming public strongly associates "George the Salon" with Plaintiff's company. Plaintiff has continuously and prominently used the "George the Salon" name on, for example, advertisements, promotional materials, Facebook, Instagram, on its website, answering the phone, word of mouth, and elsewhere in connection with its business, from inception to the present.

8. Plaintiff has also been repeatedly recognized as one of Chicago's top salons by fashion and beauty trade publications, such as Elle magazine, and has a robust presence to be widely known in the Gold Coast neighborhood, in the Chicago region, and beyond.

9. Plaintiff owns, is the assignee of, and has standing to sue for infringement of United States Patent and Trademark Office ("USPTO") Trademark Reg. No. 3,541,542 (service mark of G GEORGE THE SALON for "Hair salon services; Hair salon services, namely, hair cutting, styling, coloring, and hair extension services; Hair salon services, namely, treatments to protect hair from effects of exposure to sunlight, heat, humidity and chlorinated water; Hair styling; Hair cutting") ("the '542 Mark").

10. The '542 Mark is in full force and effect and has become incontestable pursuant to 15 U.S.C. § 1065.

11. As a result of Plaintiff's strong reputation, the '542 Mark has developed tremendous goodwill with Plaintiff's customers and is considered an asset of incalculable value. Any service provided under, or advertisement bearing, the '542 Mark or the "George the Salon" name in the salon and spa business is immediately associated by purchasers, potential purchasers, and the public as being offered by, and affiliated with, Plaintiff.

12. The '542 Mark obtained secondary meaning long before Defendant entered the market with its infringing name, "George Charles Salon."

13. Despite Plaintiff's long and well-established rights in the '542 Mark, Defendant is advertising and providing, without authorization or license, salon services in interstate commerce (including in this judicial district) under the name "George Charles Salon" that is confusingly similar to Plaintiff's services offered under the '542 Mark and the "George the Salon" name. Specifically, Defendant's unauthorized use in interstate commerce of the '542 Mark in connection with the sale, offer for sale, marketing, and advertising of salon and related services, including its use of the "George Charles Salon" name in providing such services (the "Infringing Services"),

has caused and is likely to cause confusion, mistake, or deception among the consuming public, and creates the false impression that the Infringing Services are authorized, sponsored, or approved by Plaintiff. Accordingly, Defendant is infringing upon the '542 Mark.

14. Defendant does not have any license rights to use the '542 Mark, the "George the Salon" name, or any terms that are confusingly similar thereto.

15. Defendant's infringement has been willful and deliberate. Indeed, in an effort to confuse the public, deceptively pass itself off as Plaintiff, and unfairly capitalize on Plaintiff's significant goodwill and reputation for high-quality services and care, Defendant opened its salon business under the infringing name "George Charles Salon" 100 feet away, and directly across the street, from Plaintiff's long-standing and highly recognized salon.

16. Plaintiff previously notified Defendant of the '542 Mark and Defendant's infringement of the same. Specifically, on March 2, 2021, Plaintiff sent Defendant a letter notifying Defendant that its use of the "George Charles Salon" name in connection with its salon and related services infringes upon the '542 Mark. Notwithstanding Defendant's awareness of the '542 Mark, Plaintiff's specific claims of infringement of the '542 Mark by Defendant's Infringing Services, and Plaintiff's request that Defendant cease advertising, selling, and offering for sale salon services under the name "George Charles Salon," Defendant's infringement has persisted, without competent advice of counsel, leaving Plaintiff no choice but to file this lawsuit. Accordingly, Defendant's ongoing infringement of the '542 Mark has been willful.

17. As a result of Defendant's intentional infringement of the '542 Mark, the consuming public is likely to be confused as to source, sponsorship, or affiliation between Plaintiff's and Defendant's companies.

4

18. In fact, there have already been several, specific instances of actual confusion as a result of Defendant's infringement. For example, customers of Defendant have called Plaintiff looking for items left at Defendant's salon; called Plaintiff to book, cancel, and/or modify appointments meant for Defendant; left messages with Plaintiff intended for Defendant's stylists; and walked into Plaintiff's salon for appointments booked for Defendant.

19. As further evidence of actual confusion, per the image below, *Defendant's* business information (including, for example, its address of 34 East Oak Street, 3rd Floor, Chicago, Illinois 60611, website at https://www.georgecharlessalon.com/, and phone number (312-643-0345)) is listed when searching for *Plaintiff's* business, "George the Salon":



20. As yet further evidence of actual confusion, due to Defendant's sale, offer for sale, marketing, and advertising of its Infringing Services, customers and potential customers seeking Plaintiff's salon and spa services have, for example, mistakenly (i) scheduled appointments with Defendant meant for Plaintiff and (ii) walked into Defendant's salon for appointments booked for Plaintiff.

## JURISDICTION AND VENUE

21. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

22. This Court has general personal jurisdiction over Defendant because, among other things, Defendant is an Illinois corporation with its principal place of business at 34 East Oak Street, 3rd Floor, Chicago, Illinois 60611, and Defendant routinely transacts, advertises, and solicits business in this judicial district. Further, Defendant has designated an agent for service of process in this State. Defendant, therefore, has continuous and systematic contacts with the State of Illinois such that it could reasonably foresee being brought into court in Illinois.

23. This Court also has specific personal jurisdiction over Defendant. Defendant transacts business in this district at least by offering to sell, selling, and advertising the Infringing Services in such a way as to purposefully reach out to customers in Illinois and this judicial district through at least its website, https://www.georgecharlessalon.com/, and its principal place of business in Chicago, Illinois, thus specifically committing acts of infringement in this judicial district. Defendant, therefore, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has a regular and established place of business in this judicial district, and has established sufficient minimum contacts with the State of Illinois such

that it should reasonably and fairly anticipate being brought into court in Illinois. Accordingly, the exercise of jurisdiction over Defendant comports with the traditional notions of fair play and substantial justice.

24. Venue is proper in this district under 28 U.S.C. § 1391(b)-(d).

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

25. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

26. This Court has jurisdiction over the subject matter of this claim for trademark infringement under the Trademark Laws of the United States as codified in 15 U.S.C. § 1051 *et seq*.

27. Defendant's unlicensed use of confusingly similar terms to the '542 Mark in connection with the sale, offer for sale, marketing, and advertising of the Infringing Services in interstate commerce, without the consent of Plaintiff, has caused and is likely to cause confusion, mistake, or deception among the consuming public, and creates the false impression that Defendant's Infringing Services are authorized, sponsored, or approved by Plaintiff.

28. Based on Plaintiff's continuous and exclusive use, extensive advertising, sales, and the popularity of the '542 Mark, the '542 Mark acquired secondary meaning for Plaintiff prior to Defendant's infringement.

29. Plaintiff has been directly injured by Defendant's infringing activities.

30. Defendant has copied and imitated the '542 Mark in connection with selling, offering for sale, marketing, and advertising its Infringing Services.

31. Defendant's conduct is intended to exploit the goodwill and reputation associated with the '542 Mark. Defendant's Infringing Services are sold, offered for sale, marketed, and advertised in the same channels of trade to the same consumers in the same locale as Plaintiff's services.

32. Defendant's business name, "George Charles Salon," is strikingly (and confusingly) similar to Plaintiff's business name, "George the Salon," and the '542 Mark. Plaintiff's and Defendant's services are offered to the same consumers in the same channels of trade. The '542 Mark is strong and has obtained significant secondary meaning. There is actual confusion because of Defendant's infringing mark.

33. Defendant's conduct was intentionally designed to create confusion in the marketplace between Plaintiff's and Defendant's businesses, and unfairly profit from the '542 Mark.

34. Defendant's unauthorized and unlicensed use of the '542 Mark has resulted in Defendant unfairly benefiting from Plaintiff's goodwill, and profiting from Plaintiff's reputation and the '542 Mark, to the substantial and irreparable injury of the public, Plaintiff, the '542 Mark, and the substantial goodwill represented thereby.

35. Defendant's aforesaid acts constitute trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. Plaintiff has suffered actual damages as a result of Defendant's infringement. In addition, Defendant's acts have caused, and will continue to cause, great and irreparable injury to Plaintiff, and unless such acts are restrained by this Court, Defendant will continue such acts,

thereby causing Plaintiff to continue to suffer substantial and irreparable harm for which it has no adequate remedy at law.

37. Defendant has been unjustly enriched by its acts of trademark infringement.

38. Defendant's infringement has been knowing, intentional, and willful, entitling Plaintiff to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

39. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

40. This Court has jurisdiction over the subject matter of this claim for unfair competition and false designation of origin arising under section 43(a) of the Lanham Act, codified in 15 U.S.C. § 1125(a).

41. Defendant was fully aware of the popularity of Plaintiff's services and the clear association of the '542 Mark and the name "George the Salon" with these services. Defendant intentionally copied and offered in interstate commerce Infringing Services, including in connection with the advertising, marketing, offer for sale, and sale of salon and related services, that are likely to cause confusion, mistake, and deception as to the origin, affiliation, sponsorship, endorsement, or approval of Defendant's services, and to impair the distinctiveness of the '542 Mark. As a result, the public is, and is likely to be, confused.

42. Defendant has used in commerce, and continues to use in commerce, the '542 Mark to unfairly benefit from Plaintiff's success by selling the same or similar services under the same or confusingly similar terms associated with the '542 Mark in this jurisdiction.

43. Defendant could have selected an alternative name for its services.

44. Defendant used and continues to use the '542 Mark in providing its Infringing Services with the intent to cause confusion and mislead the purchasing public into believing that Defendant's Infringing Services are, and/or Defendant is, authorized, sponsored, affiliated with, or associated with Plaintiff, and to trade upon Plaintiff's reputation for high-quality and to improperly appropriate to itself Plaintiff's valuable goodwill and trademark rights.

45. Sales of the Infringing Services by Defendant are likely to cause consumer confusion; consumers will believe that Defendant's Infringing Services are either provided, licensed, affiliated with, or sponsored by Plaintiff, or are being placed on the market with Plaintiff's consent and/or actual or implied authority. As a result, Plaintiff has been and will continue to be irreparably injured by Defendant's improper acts.

46. Defendant has willfully and deliberately created such confusion by copying and reproducing the distinctive '542 Mark associated with Plaintiff's services; and has advertised and sold, and threatens to advertise and sell, its services so as to cause public confusion and deception. Further, Defendant's sale and offer for sale of its services has caused and threatens to cause Plaintiff the loss of its valuable goodwill and reputation for advertising, providing, and selling distinctive, unique, and high-quality services under the '542 Mark and the name "George the Salon."

47. Defendant's aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendant's services as those of Plaintiff in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

48. Plaintiff has suffered actual damages as a result of Defendant's aforesaid acts. In addition, Defendant's acts have caused, and will continue to cause, great and irreparable injury to Plaintiff, and unless such acts are restrained by this Court, Defendant will continue such acts, thereby causing Plaintiff to continue to suffer substantial and irreparable harm for which it has no adequate remedy at law.

49. Defendant has been unjustly enriched by its aforesaid acts.

50. Defendant's aforesaid acts have been knowing, intentional, and willful, entitling Plaintiff to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

## COUNT III
### STATE STATUTORY AND COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES

51. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

52. This claim arises under the pertinent statutes and common law of this State relating to trademark infringement, unfair competition, and deceptive trade practices. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition and deceptive trade practices joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

53. Defendant's wrongful conduct constitutes unfair methods of competition and unfair and deceptive acts or practices in trade or commerce and creates a likelihood of confusion, misunderstanding, or deception in the public's mind as to the origin of the parties' services, all in violation of 815 ILCS 505/1 *et seq.*, 815 ILCS 510/1 *et seq.*, and the common law of Illinois. Defendant has also been and is engaged in deceptive trade practices within the meaning of the

11

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

54. Plaintiff is the owner of all right, title, and interest in and to the '542 Mark, the name "George the Salon," as well as related trade names, designs, symbols, and logos used by Plaintiff by virtue of its extensive advertising and sale of salon and spa services provided under such trade names, trademarks, designs, symbols, and logos (collectively, Plaintiff's "common law trademarks"), as set forth in the preceding paragraphs of this Complaint. In particular, because of its extensive sales and publicity, Plaintiff has acquired common law trademark rights in and to the name "George the Salon" and confusingly similar variations thereof for its services.

55. The Infringing Services advertised, offered for sale, marketed, and/or sold by Defendant incorporate matter constituting replicas and imitations of Plaintiff's common law trademarks. Such unauthorized use by Defendant of Plaintiff's common law trademarks constitutes trademark infringement, unfair competition, and deceptive trade practices, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the services, and to cause purchasers or potential purchasers to believe that such services are associated with Plaintiff when, in fact, they are not.

56. Defendant has willfully and intentionally misappropriated Plaintiff's common law trademarks with the intent of causing confusion, mistake, and deception as to the source of its services. Accordingly, Defendant has committed trademark infringement, unfair competition, and deceptive trade practices under the common law.

57. By such actions in infringing Plaintiff's common law trademarks, Defendant is improperly trading upon the reputation and goodwill of Plaintiff and impairing Plaintiff's valuable rights in and to such trademarks.

58. Plaintiff has no adequate remedy at law. Defendant's conduct has caused and, if not enjoined, will continue to cause, irreparable damage to Plaintiff's rights in and to its trademarks, and to Plaintiff's business, reputation, and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A. That judgment be entered in favor of Plaintiff and against Defendant on each claim made in the Complaint;

B. That the Court order that Defendant, its officers, agents, directors, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant, be immediately and permanently enjoined from:

1. directly or indirectly infringing the '542 Mark and the "George the Salon" name as described above in any manner including generally, but not limited to, advertising, marketing, selling, and/or offering for sale salon and related services that infringe the '542 Mark, the "George the Salon" name, and confusingly similar variations thereof, including, without limitation, Defendant's Infringing Services, and specifically advertising, marketing, selling, and/or offering for sale salon and related services under the name "George Charles Salon" or any similar variations thereof;

2. using the '542 Mark or marks confusingly similar thereto;

3. using the "George Charles Salon" name, the website https://www.georgecharlessalon.com/, and the georgecharlessalon@gmail.com email address in connection with print, online, or social media advertising for salon services;

4. engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, potential purchasers, Defendant's customers, and/or members of the public to believe that, the actions of Defendant, the services offered by Defendant, or Defendant itself are connected with Plaintiff, are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

5. otherwise competing unfairly with Plaintiff in any manner; and/or

6. eroding the distinctiveness of the '542 Mark and Plaintiff's common law trademarks, and damaging Plaintiff's goodwill, reputation, and business;

C. That Plaintiff be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of Defendant's unlawful acts, including Plaintiff's loss of goodwill, loss of past and/or future sales, and damages caused by Defendant's acts of trademark infringement, unfair competition, false designation of origin, and Illinois State statutory and common law trademark infringement, unfair competition, and deceptive trade practices. That Plaintiff be awarded increased damages based upon the intentional and willful nature of Defendant's conduct of the kind complained of herein. That Plaintiff be awarded all gains, profits, and advantages received by Defendant from the sale of its Infringing Services and any other products and/or services that infringe upon Plaintiff's trademark rights;

14

  D. That Plaintiff be awarded Defendant's profits and all additional remedies provided for in 15 U.S.C. § 1117;

  E. That Defendant be ordered to deliver up for destruction all advertisements, circulars, brochures, and any other items in its possession, custody, or control bearing the '542 Mark or any other similar designations; and

  F. That the Court provide Plaintiff with such other and further relief as it deems just and proper, or that Plaintiff may be entitled to under the law, including but not limited to attorney fees, costs, and interest.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

Dated: May 17, 2021

*/s/ Raymond P. Niro, Jr.*
Raymond P. Niro, Jr.
Kyle D. Wallenberg
NIRO McANDREWS, LLP
155 North Wacker Drive, Suite 4250
Chicago, Illinois 60606
(312) 755-8575
Fax: (312) 674-7481
RNirojr@niro-mcandrews.com
KWallenberg@niro-mcandrews.com

*Attorneys for Plaintiff,*
George G, LLC d/b/a George the Salon